# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STOLTZ ENTERPRISES, INC.,** | * | **CIVIL ACTION NO.** _____ |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE** _____ |
| | * | |
| | * | |
| **METRO GIANT, INC. d/b/a** | * | **MAG. JUDGE** _____ |
| **METRO RESTYLING AND** | * | |
| **CHRISTOPHER ANKAWI,** | * | |
| *Defendants* | * | **JURY DEMAND** |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, STOLTZ ENTERPRISES, INC. ("SEI"), d/b/a CAMOWRAPS ("Camowraps" or "Plaintiff"), who files this Complaint asserting claims against Defendants, Christopher Ankawi and Metro Giant, Inc., d/b/a Metro Restyling ("Metro Restyling" or "Defendants") and alleges:

## NATURE OF ACTION

1.      This is a civil action for damages and injunctive relief arising out of Defendants' acts of trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act), false designation of origin in violation of 15 U.S.C. § 1125 (Section 43 of the Lanham Act), and unfair trade practices in violation of Louisiana Revised Statutes 51:1401, *et seq.* (Louisiana Unfair Trade Practices Act).

2.      This civil action is also for damages and injunctive relief arising out of Defendants' acts of misappropriation of trade secrets in violation of Louisiana Revised Statutes 51:1431, *et seq.* (Louisiana Uniform Trade Secrets Act).

## PARTIES

### A. Plaintiff

3.      Plaintiff is a Louisiana corporation with its principal place of business at 429 South Street, Slidell, Louisiana 70460.

4.      Plaintiff sells adhesive vinyl films and products both through its interactive website, www.camowraps.com, and through licensed, authorized dealers.

5.      Plaintiff formerly operated as a Louisiana limited liability company under the name CAMOWRAPS, L.L.C., which also had its principal place of business at 429 South Street, Slidell, Louisiana 70460.  On August 31, 2015, CAMOWRAPS, L.L.C. was donated in its entirety to SEI by an Agreement to Donate Assets and Assumption of Liabilities.

### B. Defendants

6.      Defendant Metro Giant, Inc., d/b/a Metro Restyling ("Metro Restyling"), is a Michigan corporation with its principal place of business at 5400 18 Mile Road, Sterling Heights, Michigan 48314.

7.      Defendant Christopher Ankawi is a Michigan resident and the President and Registered Agent of Metro Giant, Inc. d/b/a Metro Restyling.

8.      Defendants operate the websites https://metrorestyling.com/ and https://gunwraps.com, and Metro Giant, Inc., d/b/a Metro Restyling ("Metro Restyling") is the registered owner of the Metro Restyling trademark (Serial No. 87,675,020) under distributorship services in the field of decorative automotive coverings, namely, vinyl wrap materials.

9.      Defendants sell adhesive vinyl films and products identical, or substantially similar, to those of Plaintiff.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction in this matter under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b) (actions arising under the Lanham Act).  Further, the parties are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, creating jurisdiction under 28 U.S.C. § 1332.  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

11.     This Court has personal jurisdiction over the Defendants.  Defendants are engaged in business activities in and/or directed to the State of Louisiana and within this judicial district and have knowingly committed unlawful acts aimed at, and causing harm within, the State of Louisiana and this district.  In addition, Defendants have purposefully availed themselves of the privilege of acting in this district by, among other things, advertising via the Internet in this district and offering interactive websites.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b).  A substantial portion of the activity and events giving rise to the claims occurred in this district and Plaintiff has suffered damages, at least in part, in this district.

## FACTUAL BACKGROUND

**A.     Camowraps History**

13.     For more than ten years, Camowraps has been a leader in the business of manufacturing, selling, and distributing adhesive vinyl films and products.  These products, which are often sold in camouflage patterns, are used on vehicles, hunting gear, sports equipment and any items with surfaces to which films can adhere. Some applications of adhesive vinyl films are for purposes of concealment (e.g., hunting), while other applications are for aesthetic purposes and personal customization.  These products can also be produced with the customer's own graphics for

customization of vehicles and other items.

14.    For more than ten years, Plaintiff's products have been sold under the CAMOWRAPS trademark.

15.    It takes great skill and art to develop camouflage patterns that imitate the surrounding environments in which hunting and other outdoor sporting activities call for concealment occur.  Camowraps licenses patterns from many notable camouflage developers.

16.    Camowraps has developed a reputation for the quality of its products and services within many industries including automotive, sign, and graphics as well as in the hunting and outdoor sports communities.

17.    The CAMOWRAPS trademark is a strong and effective brand identity for Plaintiff's products.  The mark CAMOWRAPS was adopted in 2002.  Plaintiff has always used the domain name www.camowraps.com, which allowed Plaintiff to sell its CAMOWRAPS products to customers throughout the United States. Plaintiff further expanded its distribution of its CAMOWRAPS products with the development of a network of authorized distributors.

18.    Camowraps also promotes its products and services on the Internet, via its own website and social media, booths at tradeshows, and through print media.  Plaintiff's authorized dealers, distributors, and retailers represent additional avenues of promotion of the Camowraps brand.

19.    As a result of the quality of Plaintiff's goods and services, the CAMOWRAPS products have met with substantial commercial success.

20.    Camowraps has common law trademark rights to the name and mark CAMOWRAPS as applied to plastic laminated films and related products and services.

21.    On January 27, 2003, Camowraps applied for federal registration of the CAMOWRAPS mark on the Principal Register of the United States Patent and Trademark Office

("USPTO") in International Class 17 for plastic laminated films, specifically camouflage adhering films for motor vehicles and hunting, camping and sporting equipment.

22.    On December 9, 2003, CAMOWRAPS was duly registered on the Principal Register of the USPTO as U.S. Trademark Registration No. 2,790,943. A correct copy of this registration is attached as **Exhibit A**.

23.    On August 31, 2015, CAMOWRAPS, L.L.C. was donated in its entirety to SEI by an Agreement to Donate Assets and Assumption of Liabilities. The 2015 Donation of CAMOWRAPS, L.L.C. to SEI transferred, not exclusively, all proprietary information, including the Donor's name and goodwill associated with the name Camowraps, and all Camowraps' associated logos and phrases. For the last eight years, the company has continued to do business under the trade name CAMOWRAPS. A correct copy of the Agreement to Donate Assets and Assumption of Liabilities is attached as **Exhibit B**.

24.    On June 30, 2023, an Assignment of the Entire Interest and The Goodwill was filed with the USPTO officially Assigning the CAMOWRAPS trademark from CAMOWRAPS, L.L.C. to STOLTZ ENTERPRISES, INC. ("SEI"). This Trademark Assignment went into effect on July 7, 2023, by USPTO Notice of Recordation of Assignment, Document No. 900783081. A correct copy of this Assignment is attached as **Exhibit C**.

25.    U.S. Trademark Registration No. 2,790,943 constitutes *prima facie* evidence of the validity of the CAMOWRAPS mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark throughout the United States in commerce for the registered goods as well as for related fields of goods and services.

26.    The CAMOWRAPS mark has been in continuous, substantially exclusive use by Plaintiff for more than five years following registration at the USPTO. Plaintiff, thus, possesses

incontestable rights to the CAMOWRAPS mark pursuant to 15 U.S.C. §§ 1065 and 1115(b).

27.     Plaintiff's common law trademark rights to CAMOWRAPS and its federal registration of the mark CAMOWRAPS (together the "CAMOWRAPS Mark") represent a valuable business asset and competitive advantage for Plaintiff.

**B.     Relationship between Defendant Metro Restyling and Defendant Christopher Ankawi**

28.     Defendant Metro Restyling is the developer and seller of a line of camouflage patterns and other camouflage products.

29.     Metro Restyling registered, owns, and operates the websites https://metrorestyling.com/ and https://gunwraps.com, which sell a line of patterns for adhesive vinyl films and other camouflage products.

30.     Metro Restyling is the registered owner of the Metro Restyling trademark (Serial No. 87,675,020) under distributorship services in the field of decorative automotive coverings, namely, vinyl wrap materials.

31.     Defendant Christopher Ankawi is the President and Registered Agent of Metro Giant, Inc. d/b/a Metro Restyling ("Metro Restyling").

32.     Christopher Ankawi, as President and Registered Agent, has a financial interest in, and benefits directly from, the sale of Metro Restyling products on the websites Metro Restyling operates.

33.     Metro Restyling's infringing conduct provides a direct financial benefit for Christopher Ankawi through several channels, including but not limited to whatever payments or royalties are due to Ankawi.

**C.     Defendants' Wrongful Acts**

34.     Defendants offer for sale the same types of goods and services as Plaintiff and its

authorized dealers, and the Defendants use similar channels of commerce.

35.    Defendants use product names on the websites https://metrorestyling.com/ and https://gunwraps.com that are identical to, and/or confusingly similar to, Plaintiff's CAMOWRAPS Mark in sound, appearance, and commercial impression.

36.    Plaintiff has not given either of the Defendants permission, authority, or license to use the CAMOWRAPS Mark.  To the contrary, Plaintiff has communicated via e-mail, phone, and letter to both Defendants that their unauthorized use of the CAMOWRAPS Mark must cease and desist.

37.    Nevertheless, Defendants have used, and continue to use, the CAMOWRAPS Mark, and/or confusingly similar marks, without permission. The image below comes from Defendants' website and demonstrates their willful and intentional use of Plaintiff's CAMOWRAPS Mark:





38.     Consistent with, and in support of their infringing use of marks that are identical and/or confusingly similar marks to Plaintiff's CAMOWRAPS Mark, Defendants have engaged in other deceptive activities on the Internet.  An example of the results of a web search using of the word "Camowraps" is shown in the below screenshot:



39.     As a result of Defendants' infringing use of the CAMOWRAPS Mark, and upon information and belief, their purchase of "ad words" from search engines, and their selection of the terms used to tag their webpages, Defendants have unfairly and deceptively caused their website to appear in search results for Plaintiff's goods and have suggested an affiliation with Plaintiff where none exists.

40.     Through these practices, Defendants falsely suggest to consumers a connection to Plaintiff and access to genuine CAMOWRAPS products. These practices cause consumer confusion, erode the distinctiveness of the CAMOWRAPS Mark, and otherwise damage Plaintiff and its authorized dealers.

41.     The Defendants' actions are intentional and in bad faith. Defendants use Plaintiff's CAMOWRAPS Mark with full knowledge and intention that consumers are likely to be confused and lured away from the websites that they intended to visit, and with the goal of financially benefiting themselves to the detriment of Plaintiff and its authorized dealers.

42.     Further, Defendants' use of confusingly similar marks began after Plaintiff's adoption of its CAMOWRAPS Mark and with full knowledge of Plaintiff's exclusive rights to the CAMOWRAPS Mark.

43.     Plaintiff and Plaintiff's authorized dealers and retailers have experienced instances of actual consumer confusion in which they are mistakenly contacted by purchasers of products from the Defendants to address customer concerns.

44.     Further, Defendants have also breached a Non-Disclosure and Non-Circumvention Agreement ("NDA") signed by Defendant, Christopher Ankwai and Plaintiff's Owner, President, and Registered Agent, James Stoltz, Jr., and dated September 28, 2021.

45.     Paragraph five of the NDA signed by the parties provides that "[n]either party shall use or disclose any of the Information for purpose of circumventing the intentions of this Agreement or to avoid, bypass or otherwise exclude the other party from the opportunities under discussion."

46.     Paragraph 7 of the NDA provides that "[t]he parties reserve the right to limit access to their respective premises, facilities, equipment, contractors, data and other materials, information and personnel.  All Representatives of the Receiving Party and anyone acting on its behalf shall comply with all of the Furnishing Party's applicable security regulations to the extent disclosed to the Receiving Party in writing."

47.     Defendants have violated the terms of the Agreement by contacting Mr. Stoltz's vendors/licensors, specifically Realtree, Veil Camo, and Muddy Girl Camo, requesting licensing information in direct violation of the provisions of the Non-Disclosure and Non-Circumvention Agreement.

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT — LANHAM ACT

### (15 U.SC. § 1051, *et seq*. and 15 U.S.C. § 1114)

48.     Plaintiff Camowraps repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

49.     Plaintiff owns the valid, and incontestable, federally registered CAMOWRAPS trademark.

50.     Defendants' actual, and threatened continued, use of identical and/or confusingly similar marks constitutes infringement of Plaintiff's CAMOWRAPS Mark in violation of 15 U.S.C. §1051, *et seq*. and 15 U.S.C. § 1114.

51.     As a direct and proximate result of Defendants' acts of infringement, Camowraps has been damaged, and unless this Court restrains Defendants, Camowraps will continue to suffer serious, irreparable injury.

52.     Defendants' actions have been carried out in willful disregard of Camowraps' rights.

53.     Camowraps is entitled to an order preliminary and permanently enjoining Defendants from further acts of infringement.

54.     Camowraps is additionally entitled to recover its damages, the Defendants' unlawful profits from infringement, and the costs of this action.

55.     The intentional nature of Defendants' acts of infringement and other unlawful acts make this an exceptional case under 15 USC § 1117(a) warranting an award of attorney fees and costs to Plaintiff.

## SECOND CAUSE OF ACTION

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### (15 U.S.C. § 1125)

56.     Plaintiff Camowraps repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

57.     Defendants' unauthorized use of Plaintiff's CAMOWRAPS Mark in connection with Defendants' businesses is likely to cause the public to mistakenly believe that Defendants' similar products and services originate from, are endorsed by, or are in some way connected or affiliated with Camowraps, all in violation of 15 U.S.C. §1125.

58.     Defendants have acted willfully and intentionally to cause confusion, mistake, or deception.

59.     Camowraps is entitled to an order preliminarily and permanently enjoining Defendants from further acts of unfair competition and false designations of origin.

60.     Camowraps is additionally entitled to recover its damages, the Defendants' unlawful profits from infringement, and the costs of this action.

61.     The intentional nature of Defendants' acts of unfair competition and false designations of origin make this an exceptional case under 15 USC § 1117(a) warranting an award of attorney fees and costs to Plaintiff.

### THIRD CAUSE OF ACTION

### LOUISIANA UNFAIR TRADE PRACTICE

### (LA. REV. STATUTE 51:1401, *ET SEQ.*)

62.     Plaintiff Camowraps repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

63.     Defendants' actions alleged herein constitute unfair trade practices in violation of La. R.S. 51:1401, *et seq.*

64.     As a direct and proximate result of Defendants' unfair trade practices, Camowraps has been damaged, and unless this Court restrains Defendants, Camowraps will continue to suffer serious, irreparable injury.

65.     Camowraps is entitled to an order preliminarily and permanently enjoining Defendants from further acts of unfair trade practices.

66.     Camowraps is further entitled to recover its damages, the Defendants' profits from their unlawful practices, treble damages, and attorney fees and costs under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.*

## FOURTH CAUSE OF ACTION

### VIOLATION OF NON-DISCLOSURE AGREEMENT

### (LA. REV. STATUTE 51:1431, *ET SEQ.*)

67.     Plaintiff Camowraps repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

68.     In addition to the foregoing, Defendants have also breached a Non-Disclosure and Non-Circumvention Agreement ("NDA") with Plaintiff in violation of Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq*.

69.     As a direct and proximate result of Defendants' misappropriation of trade secrets, Camowraps has been damaged, and unless this Court restrains Defendants, Camowraps will continue to suffer serious, irreparable injury.

70.     Camowraps is entitled to an order preliminarily and permanently enjoining Defendants from further acts of trade secret misappropriation.

71.     Camowraps is further entitled to recover its damages, the Defendants' profits from their unlawful practices/misappropriation and attorney fees and costs under the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq.*

### JURY DEMAND

Plaintiff requests a trial by jury herein as to all matters properly tried thereby.

### PRAYER FOR RELIEF

**WHEREFORE**, Camowraps requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to the following:

   a)  Entry of preliminary and permanent injunctions restraining Defendants and all

persons acting in concert with Defendants from further infringement of the CAMOWRAPS Mark and from unfairly competing with Camowraps;

b) From using any variation of the CAMOWRAPS Mark to dilute the distinctiveness of that mark, including but not limited to use as trademarks, business names, meta tags, sponsored advertisement triggers, other identifiers, keywords or other terms used to attract or divert traffic on the Internet or to secure higher placement within search engine results; and,

c) From representing by any means whatsoever, directly or indirectly, a false designation of origin as it pertains to the CAMOWRAPS Mark, or suggesting an affiliation with, sponsorship by, or endorsement of Plaintiff.

d) An accounting for, and award to Plaintiff of all profits resulting from Defendants' sale, offers for sale, and marketing of infringing goods and services;

e) An award of compensation for Plaintiff's damages;

f) An award of treble damages;

g) An award of interest on all damages awarded to Plaintiff;

h) An award of costs, expenses and attorney's fees in this action; and

i) Such further equitable or other relief that this Court may deem appropriate.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*

**CHADWICK W. COLLINGS, T.A.**     **# 25373**
**SARAH A. FISHER**     **# 39881**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:**     **(985) 292-2000**
**Facsimile:**     **(985) 292-2001**
**ccollings@millinglaw.com**
*Counsel for Plaintiff*

**<u>PLEASE SERVE:</u>**

Metro Giant, Inc., d/b/a Metro Restyling
5400 18 Mile Road
Sterling Heights, Michigan 48314

Christopher Ankawi
5400 18 Mile Road
Sterling Heights, Michigan 48314